**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2921-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL P. NICINI,

     Defendant-Appellant.

_____

Argued November 9, 2023 – Decided October 28, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment Nos. 92-09-0809 and 92-12-1082.

Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Peter T. Blum, of counsel and on the briefs).

Jennifer E. Kmieciak, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Jennifer E. Kmieciak, of counsel and on the brief).

The opinion of the court was delivered by

GUMMER, J.A.D.

Defendant Daniel P. Nicini appeals from an order denying his motion for reconsideration of his sentence for crimes he committed in 1992 when he was nineteen years old. He argues we should extend our Supreme Court's decision in State v. Comer, 249 N.J. 359 (2022), to youthful offenders who were between the ages of eighteen and twenty when they committed their offenses. We disagree and affirm.

In 1992, pursuant to a negotiated plea agreement, defendant pleaded guilty to first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), and third-degree burglary, N.J.S.A. 2C:18-2, for his involvement in the brutal slaying of a man he had lured to a remote location to rob. See State v. Timmendequas, 168 N.J. 20, 74-75 (2001). The trial court sentenced him to a term of life imprisonment with a thirty-year period of parole ineligibility on the felony-murder conviction and a consecutive five-year term of imprisonment with a three-year period of parole ineligibility on the burglary conviction. Defendant subsequently moved to withdraw his guilty plea. The trial court denied that motion. In his direct appeal, defendant challenged his sentence and the denial of his plea-withdrawal

motion. We affirmed, and the Supreme Court denied his petition for certification. State v. Nicini, 139 N.J. 186 (1994).

In 2021, defendant moved pro se for reconsideration of his sentence, asking the court to amend the burglary-conviction sentence from running consecutively to running concurrently with the sentence for the felony-murder conviction. In a counseled brief, he asked the court to reconsider his sentence based on Miller v. Alabama, 567 U.S. 460 (2012), and State v. Zuber, 227 N.J. 422 (2017). After hearing argument, the trial court placed a decision on the record and entered an order on March 30, 2022, denying the motion. On May 2, 2022, the court entered a comprehensive written opinion explaining its denial of the motion.

On appeal, defendant presents this single argument for our consideration:

> POINT I
>
> A RESENTENCING SHOULD OCCUR BECAUSE THE LANDMARK COMER DECISION – WHICH ENTITLES JUVENILE OFFENDERS TO A RESENTENCING AFTER TWENTY YEARS – SHOULD EXTEND TO NINETEEN-YEAR-OLD OFFENDERS LIKE DEFENDANT NICINI, WHO SHARE THE SAME CHARACTERISTICS AS JUVENILES. U.S. CONST. AMEND. VIII, XIV; N.J. CONST. ART. I, ¶ 12.

A-2921-21

In Comer, recognizing that "children are constitutionally different from adults for purposes of sentencing," 249 N.J. at 384 (quoting Miller, 567 U.S. at 471), our Supreme Court held "[j]uvenile offenders sentenced under the [homicide] statute may petition for a review of their sentence after having spent [twenty] years in jail," id. at 403.  The defendants in Comer were fourteen and seventeen years old when they committed their crimes.  Id. at 371, 374.

This court addressed the issue defendant raises in this appeal squarely in State v. Jones, 478 N.J. 532 (App. Div. 2024), petition for certif. filed, No. 089524 (June 6, 2024), an opinion issued after defendant had filed this appeal. The defendants in Jones were eighteen and twenty years old when they committed their crimes.  Id. at 541, 544, 547.  Like defendant, they sought resentencing based on Comer, arguing the Comer sentence-review procedure "should extend to youthful offenders [who were] between the ages of eighteen and twenty when they committed their offenses" because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults." Id. at 534-35, 542.

After an extensive review of the "guiding legal principles" applicable to the sentencing of juvenile offenders, id. at 535-36, we declined to extend the holding in Comer to youthful offenders, id. at 549.  We found "the Court's

decision [in Comer] was limited to juvenile offenders tried and convicted of murder in adult court." Ibid. In reaching that conclusion, we relied in part on State v. Ryan, 249 N.J. 581 (2022), an opinion the Court issued one month after it had decided Comer. Jones, 478 N.J. Super. at 549-50. In Ryan, the Court acknowledged that "[t]he Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'" Ryan, 249 N.J. at 600 n.10 (alterations in original) (quoting Roper v. Simmons, 543 U.S. 551, 574 (2006)); see also Jones, 478 N.J. Super. at 551 (citing N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years"); N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older")).

Noting that "our institutional role as an intermediate appellate court is a limited one" and that "[w]e are bound to follow the precedents of the United States Supreme Court and the Supreme Court of New Jersey," this court in Jones "discern[ed] no reason to disturb the motion judges' decisions, which emphasized the Supreme Court in Comer limited its decision to juveniles." 478 N.J. Super. at 551. We reach the same conclusion in this case. Perceiving no

5

basis to deviate from our opinion in <u>Jones</u>, we affirm the March 30, 2022 order denying defendant's motion for reconsideration of his sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2921-21